**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**LAWRENCE HELLER,**

        **Petitioner,**

    **v.**                                              **CIVIL ACTION NO. 2:08cv107**
                                                                  **(Judge Maxwell)**

**DOMINIC A. GUTIERREZ,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09. On November 3, 2008, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 raising claims regarding the conditions of his confinement at FCI Morgantown. In addition, the petitioner raises claims that during his criminal proceedings, he was denied his Fifth and Sixth Amendment Rights, and his conviction and sentence resulted from ineffective assistance of counsel

### I. HISTORICAL BACKGROUND

On June 2, 2008, the petitioner entered a guilty plea in the United States District Court for Northern Indiana to Count 1 of an Indictment charging him with knowingly and intelligently possessing a Schedule I controlled substance with intent to deliver, in violation of Title 21, United States Code, Section 841. On September 9, 2008, the petitioner was sentenced to 27 months imprisonment followed by three years supervised release and a $100 special assessment. On October 16, 2008, the petitioner filed a Motion to Modify Sentence and/or in the Alternative, Motion

to Stay Execution of Sentence. The Court denied the Motion on October 17, 2008, finding that it sought to preserve the status quo rather than a delay. On October 16, 2008, the petitioner also filed a Motion to Vacate Under pursuant to 28 U.S.C. § 2255. On October 17, 2008, he filed a Motion/Request for New Counsel. On October 20, 2008, he filed an Emergency Motion to Stay Execution of Sentence and a Motion to Stay Execution of Sentence. On October 20, 2009, the Court denied the petitioner's Motion to Appoint Counsel, Emergency Motion to Stay Execution of Sentence, and Motion to Stay Execution of Sentence. His Motion to Vacate is pending on the government's response. See 3:07-cr-00107-RLM-2.

## II. THE PETITION

The petitioner makes numerous allegations regarding the conditions of his confinement. First, he maintains that he is being denied medical treatment for a pre-existing condition. The petitioner alleges, therefore, that his continued imprisonment deprives him of needed medical care and constitutes cruel and unusual punishment. Therefore, the petitioner seeks a "writ of Habeas Corpus, or a stay of execution, or suspension of sentence, or Home Detention, or such other means as the Court may deem appropriate, at least so that [he] can receive necessary medical treatment." (Doc . 1-2, p. 2). In addition to his claims regarding medical care, the petitioner alleges that he is not allowed to have any of his legal materials at FCI Morgantown. In addition, he alleges that he has been told that he may not use the law library at FCI Morgantown. The petitioner than points out numerous errors that he believes were committed by the District Court of Northern Indiana and his defense counsel. The petitioner concludes by asking this Court to order his immediate release until a hearing may be held on his § 2255 motion.

## III. ANALYSIS

With respect to his complaints regarding his medical care, denial of his legal materials, and

denial of access to the law library, the petitioner is not entitled to any relief under §2241 because he is not challenging the legality of his custody, but rather is challenging the conditions of his confinement or a violation of his civil rights, and these are not claims which can be brought in a habeas corpus petition.  See Preiser v. Rodriguez,  411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement).  See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983).   To pursue the claims raised in his petition regarding the conditions of his confinement, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1] and pay the $350.00 filing fee.

Furthermore, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence.  Compare 28 U.S.C. §2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence).  Therefore, to the extent that the petitioner raises allegations concerning ineffective assistance of counsel and any errors in his criminal proceeding, those are issues that must be addressed by the sentencing court in his pending Motion To Vacate pursuant to § 2255.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the  petitioner's §2241 petition (Doc. 1) be **DENIED**.

---

[1] In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law.  Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under §1983.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 4-21-09

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE